# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CHRISTOPHER SHAUN BALDWIN,

      Plaintiff,

      v.

ALASKA POWER & TELEPHONE COMPANY,

      Defendant.

Case No. 3:25-cv-00284-RRB

**SCREENING ORDER**

On October 14, 2025, Christopher Baldwin ("Plaintiff") filed a civil complaint and a motion to procced without prepaying the filing fee.[1] Plaintiff makes claims for wrongful termination, breach of contract, fraudulent inducement, and bad faith against the Alaska Power & Telephone Company ("AP&T").

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e). For the reasons explained below, Plaintiff cannot maintain a claim against AP&T in federal court. The Court finds that allowing leave to file an amended complaint would be futile.[2] Therefore, this case must be DISMISSED. However, Plaintiff's claims are dismissed without prejudice to refiling them in state court.

---

[1] Dockets 1 & 3.

[2] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

## I.      Screening Standard

Federal law allows a district court to conduct an initial screening of a civil complaint filed by a self-represented individual seeking to proceed without prepaying the filing fee.[3] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i)      is frivolous or malicious;
>
> (ii)     fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[6] Although, generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by

---

[3] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").  *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[6] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

reference in the complaint, or matters of judicial notice.[7]  Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8]

## II.   Subject Matter Jurisdiction

"Federal courts are tribunals of limited subject matter jurisdiction."[9]  A plaintiff bears the burden of establishing subject matter jurisdiction.[10]  Generally, in order to exercise subject matter jurisdiction in federal court, a claim must either (1) arise under the U.S. Constitution or laws of the United States,[11] or (2) arise between citizens of different states where the amount in controversy exceeds $75,000.[12]

### A.   Federal question jurisdiction

Plaintiff does not allege jurisdiction pursuant to 28 U.S.C. § 1331.  Moreover, the Court notes that Plaintiff's common law claims of wrongful termination, breach of contract, fraudulent inducement, and bad faith are all claims sounding in tort, arising under state law.[13]  Plaintiff has made no claim of a violation of the Constitution or other federal laws.  Accordingly, this Court cannot exercise federal question jurisdiction.

---

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).  Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  BLACK'S LAW DICTIONARY (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[8] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[9] Charles A. Wright & Arthur R. Miller, 13 FEDERAL PRACTICE & PROCEDURE § 3522 (2023 ed.).

[10] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]").

[11] *See* 28 U.S.C. § 1331 (federal question jurisdiction).

[12] *See* 28 U.S.C. § 1332 (diversity jurisdiction) (emphasis added).

[13] The Federal Tort Claims Act provides federal court jurisdiction only over torts committed by

**B.    Diversity jurisdiction**

Plaintiff purports to bring this matter pursuant to 28 U.S.C. § 1332, which requires diversity of citizenship.  He states "Plaintiff is a citizen of Alaska, Defendant is an Alaska corporation, and the amount in controversy exceeds $75,000.  Venue is proper in Alaska."[14] But diversity jurisdiction requires complete diversity of citizenship between the parties, where each plaintiff is a citizen of a different state than each defendant.[15]  Plaintiff admittedly is a citizen of the state of Alaska, and states that Defendant is an Alaska corporation.  The Court takes judicial notice that according to the State of Alaska Corporations, Business & Professional Licensing website, AP&T is a business corporation which identifies its "home state" as Alaska, with a mailing and physical address in Ketchikan, Alaska, and a registered agent in Juneau, Alaska.  Accordingly, AP&T is a "citizen" of Alaska.[16]  Therefore, there is no diversity of citizenship, and this Court cannot exercise diversity jurisdiction.

**C.    Supplemental jurisdiction**

As noted above, a tort claim grounded in state law is typically addressed in state court.  However, a federal court can exercise supplemental jurisdiction over state law claims that arise out of the same transaction or occurrence as any federal claims set forth

---

employees or agencies of the United States.  The provisions of the FTCA are found at 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671–2680.  The Court takes judicial notice that AP&T is not a federal agency.

[14]  Docket 1.

[15]  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[16]  Citizenship with respect to legal entities depends on the form of the entity.  "A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96 (1990); 28 U.S.C. § 1332(c)(1)).

in the original complaint, or if the Court has diversity jurisdiction over the case.[17]  Here, the parties are citizens of the same state and Plaintiff has not alleged any federal claims against AP&T.  Therefore, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.

### III.     Futility of Amendment

For the reasons discussed herein, the Complaint must be dismissed.  However, before a court may dismiss any portion of a complaint, it must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[18]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[19]

Plaintiff presents neither a question of federal law, nor a diversity of citizenship. And even if Plaintiff has left the state since filing his lawsuit, "the relevant time for determining the existence of a domicile at a particular location for purposes of diversity of citizenship jurisdiction is at the time that suit is commenced by the filing of the complaint with the district court pursuant to Federal Rule of Civil Procedure 3.  . . .  Changes in a party's domicile occurring after commencement of the action . . . are irrelevant."[20]

---

[17] *See* 28 U.S.C. § 1367.

[18] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[19] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[20] *See* § 3612 The Requirement and Meaning of Citizenship—Determination of a Person's Domicile, 13E FED. PRAC. & PROC. JURIS. § 3612 (3d ed.).

Accordingly, the Court finds that no additional facts could be added to remedy the deficiencies in this case, and amendment would be futile.

## IV.     Order of Dismissal

If a federal court determines that it lacks subject matter jurisdiction at any time, it must dismiss the action.[21]   Accordingly, for the reasons explained herein, Plaintiff's Complaint must be dismissed on its face for lack of jurisdiction, without leave to amend.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's claims are **DISMISSED without prejudice to refiling those claims in a new case in state court.**

2.      All pending motions are **DENIED as moot**.

3.      The Clerk of Court shall issue a final judgment and close this case.

IT IS SO ORDERED this 31st day of March, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[21]  *See* Fed. R. Civ. P. 12(h)(3).

Case 3:25-cv-00284-RRB     Document 7     Filed 03/31/26     Page 6 of 6